Filed 2/29/16  P. v. Paton CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062789 |
| v. | (Super.Ct.No. FSB11819) |
| EARLIE L. PATON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Charles C. Ragland, Scott C. Taylor, and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

In 1997, defendant Earlie Lee Paton was found guilty on two counts of indecent exposure with a prior; eight strike priors were found true, including a 1978 conviction for rape. He was sentenced to 50 years to life in prison.

In 2014, defendant petitioned for resentencing pursuant to the Three Strikes Reform Act of 2012, also known as Proposition 36. If defendant's prior conviction was for a *forcible* type of rape, it would disqualify him from resentencing; however, if it was for some other type of rape, it would *not* disqualify him. The trial court denied defendant's petition on the ground that he had a prior conviction for forcible rape.

By now, much of the trial court's case file relating to the 1997 conviction has been destroyed. However, it has also been supplemented by four minute orders that the trial court clerk "recreated." Defendant contends that this record is insufficient to establish that he was convicted of forcible rape. We will hold that defendant's own petition — which specifically alleged that he had a prior conviction for "forcible rape" — established that he was disqualified.

Defendant also contends that his counsel rendered ineffective assistance by making this admission in the petition. We will hold, however, that this was not ineffective assistance of counsel, because defendant's prior rape conviction may indeed have been for forcible rape; moreover, judicial notice demonstrates that it was, in fact, for forcible rape.

I

FACTUAL AND PROCEDURAL BACKGROUND

A.      *The Case File*.

The case file relating to defendant's 1997 conviction has been destroyed.[1]

However, a few documents are still available on microfilm.  (We disregard all of the

"recreated" minute orders, as discussed in more detail in part III, *post*.)

An amended information charged defendant with two counts of indecent exposure

with a prior.  (Pen. Code, § 314, subd. 1.)  It also alleged that he had eight strike priors.

(Pen. Code, §§ 667, subds. (b)-(i), 1170.12.)  These included a 1978 conviction for "rape

in violation of section 261(3) of the Penal Code . . . ."  (Capitalization altered.)

---

[1]      Specifically, according to the superior court clerk, "*Due to the age of this case*, the court file has been destroyed."  (Italics added.)  We can only conclude that the superior court is not following the law.

Until December 31, 2013, trial court records in a felony cases (other than a capital case) had to be to be kept for 75 years from final disposition.  (Gov. Code, former § 68152, added by Stats. 1994, ch. 1030, § 1, pp. 6262-6265.)

Since January 1, 2014, trial court records in a felony case resulting in a life sentence — as in this case — must be kept permanently.  (Gov. Code, § 68152, subd. (c)(1).)  In other felony cases, the judgment is to be kept permanently, and all other records are to be kept for 50 years after final disposition or for the maximum term of the sentence, whichever is longer.  (Gov. Code, § 68152, subd. (c)(2).)

Defendant seems to think that the records could be destroyed after 10 years, under Government Code section 69955, subdivision (e).  That subdivision, however, applies exclusively to reporter's notes.

Thus, defendant's case file should not have been destroyed.

A minute order for November 5, 1997 states that the jury found defendant guilty on both counts. It also states: "Jury finds prior convictions 1-8 to be true as to counts 1 & 2."

According to both the sentencing minute order and the abstract of judgment, on November 9, 1998, defendant was sentenced on the two counts of indecent exposure to a total indeterminate term of 50 years to life.

B.    *The Resentencing Proceeding*.

In 2014, through counsel, defendant filed a timely petition for resentencing. The petition represented that he was currently serving an indeterminate sentence on two counts of indecent exposure with a prior. It also represented that he had only two strike priors, one of which was for "forcible rape" under Penal Code section 261. (Capitalization altered.)

The trial court denied the petition without a hearing. It found that defendant was not eligible for resentencing. It stated: "One of defendant's prior strikes was a conviction for forcible rape PC261(3) making defendant statutorily ineligible for resentencing . . . ."

II

DEFENDANT ADMITTED A PRIOR CONVICTION FOR FORCIBLE RAPE

Defendant contends that there is insufficient evidence that he had a prior conviction for forcible rape.

A.    *Legal Background.*

Under the three strikes law as originally enacted, a defendant who had two or more serious or violent prior felony convictions (a "third-striker") was subject to an indeterminate sentence of 25 years to life for any new felony conviction, regardless of whether it was serious or violent. A defendant with only one serious or violent prior felony conviction (a "second-striker") was subject to a sentence for any new felony conviction of double the term otherwise provided.

Proposition 36 amended the three strikes law in two respects that are relevant here.

First, in most cases, a third-striker who is convicted of a nonserious, nonviolent felony is subject to the same sentence as a second-striker — i.e., double the term otherwise provided. (Pen. Code, §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) However, there are some exceptions, under which a third-striker still must be sentenced to 25 years to life. One such exception is when the defendant has a disqualifying prior conviction (Pen. Code, §§ 667, subd. (e)(2)(C)(iv), 1170.12, subd. (c)(2)(C)(iv)), commonly known as a "super-strike." Rape is a super-strike, but only "when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person . . . ." (Pen. Code, §§ 667, subd. (e)(2)(C)(iv)(I), 1170.12, subd. (c)(2)(C)(iv)(I), Welf. & Inst. Code, § 6600, subd. (b).) We refer to this category of rape, in shorthand form, as "forcible rape."

Second, in most cases, a third-striker who was sentenced to 25 years to life for a nonserious, nonviolent felony before Proposition 36 went into effect can petition for resentencing under these more lenient provisions. (Pen. Code, § 1170.126.) Again, there are some exceptions, including when the defendant has a super-strike. (Pen. Code, § 1170.126, subd. (e)(3).)

In determining whether an inmate is eligible for resentencing, the only evidence that a trial court can consider is the record of conviction. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 286; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336-1340; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1063.) "[E]ligibility is *not* a question of fact that requires the resolution of disputed issues. The *facts* are limited to the record of conviction underlying a defendant's commitment offense; the statute neither contemplates an evidentiary hearing to establish these facts, nor any other procedure for receiving new evidence beyond the record of conviction. [Citation.] What the trial court decides is a question of *law*: whether the facts in the record of conviction are the proper subject of consideration, and whether they establish eligibility." (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7.)

B.      *The Sufficiency of the Evidence*.

The information alleged, and the jury found, that defendant had a 1978 conviction for "rape in violation of section 261(3) of the Penal Code . . . ." (Capitalization altered.)

From 1971 through 1980, Penal Code former section 261, subdivision 3 prohibited rape where the victim was prevented from resisting *either* "by threats of great and

immediate bodily harm, accompanied by apparent power of execution," *or* "by any intoxicating narcotic, or anaesthetic, substance, administered by or with the privity of the accused . . . ." (Stats. 1970, ch. 1301, § 1, p. 2405; Stats. 1979, ch. 994, § 1, pp. 3383-3384; cf. Stats. 1980, ch. 587, § 1, p. 1595.) Rape "by threats of great and immediate bodily harm, accompanied by apparent power of execution" would necessarily also constitute rape by "fear of immediate and unlawful bodily injury on the victim," so as to be forcible rape. However, rape "by any intoxicating narcotic, or anaesthetic, substance, administered by or with the privity of the accused" would *not* be forcible rape. The record of conviction, as it now stands, is insufficient to establish on which particular theory defendant was convicted in 1978.

Nevertheless, defendant's contention is very nearly frivolous, because he *admitted*, in his petition, that he had a prior conviction for "forcible rape." (Capitalization altered.)

Defendant argues that "[t]he petition itself was not evidence . . . ." He adds, "No matter what the situation on the face of a petition, the judge has the duty to consider the record of conviction[] as to a purportedly disqualifying offense."

Regardless of whether the petition was "evidence," it was a judicial admission and, as such, conclusively binding on defendant. (*Vita Planning and Landscape Architecture, Inc. v. HKS Architects, Inc.* (2015) 240 Cal.App.4th 763, 772; see also *People v. Kiney* (2007) 151 Cal.App.4th 807, 815; *In re Vincent B*. (1981) 125 Cal.App.3d 752, 757.) The drafters of Proposition 36 required a petition for resentencing to specify all of the defendant's current felonies, as well all of the prior convictions that

7

were pleaded and proved. (Pen. Code, § 1170.126, subd. (d).) There would seem to be no point to doing so if the trial court could not consider the petition.

Defendant responds that his counsel did not have the authority to make this admission on his behalf. As a general rule, "'[i]n both civil and criminal matters, a party's attorney has general authority to control the procedural aspects of the litigation and, indeed, to bind the client in these matters'; in other words, 'counsel is captain of the ship.' [Citation.]" (*People v. Masterson* (1994) 8 Cal.4th 965, 969.) "A defendant, however, retains the personal and fundamental right to decide certain matters, e.g., whether to plead guilty, whether to testify, and whether to waive jury trial. [Citations.]" (*People v. Robles* (2007) 147 Cal.App.4th 1286, 1290.)

Defendant likens an admission of a fact that is fatal to resentencing to the admission of a prior conviction allegation. Thus, he argues, he cannot be bound by such an admission unless the record demonstrates that he made it knowingly, intelligently, voluntarily (see *In re Yurko* (1974) 10 Cal.3d 857, 863, 865), and hence, personally.

We disagree. A defendant who admits a prior conviction allegation must do so knowingly and intelligently because, by doing so, he or she gives up fundamental constitutional rights, including the right to remain silent, the right to a jury trial, and the right of confrontation. (*In re Yurko*, *supra*, 10 Cal.3d at p. 863.) By contrast, a Proposition 36 resentencing proceeding is purely statutory. The defendant, rather than remaining silent, must affirmatively allege all of his or her strike priors. (Pen. Code, § 1170.126, subd. (d).) There is no right to a hearing on the issue of eligibility. (*People v.*

8

*Oehmigen*, *supra*, 232 Cal.App.4th at pp. 6-8.) A fortiori, there is no right to a jury trial (*People v. Guilford* (2014) 228 Cal.App.4th 651, 662-663) and no right to confront witnesses. The People have no burden to plead or prove ineligibility. (*Id*. at p. 656-659.) Thus, an admission of ineligibility does not relieve them of any burden. We therefore conclude that counsel has the authority to make such an admission.

As a fallback position, however, defendant also contends that his counsel rendered ineffective assistance by making this admission in the petition.

"To establish ineffective assistance of counsel, ""'a defendant must first show counsel's performance was "deficient" because his "representation fell below an objective standard of reasonableness . . . under prevailing professional norms.""" [Citation.] "'[T]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.""' [Citation.] 'In the usual case, where counsel's trial tactics or strategic reasons for challenged decisions do not appear on the record, we will not find ineffective assistance of counsel on appeal unless there could be no conceivable reason for counsel's acts or omissions.' [Citation.]" (*People v. Nguyen* (2015) 61 Cal.4th 1015, 1051.)

Here, we cannot say that defense counsel's performance was deficient, because defendant may well have had a prior conviction for forcible rape. We cannot say it was deficient performance for defense counsel to be truthful in a pleading that he signed and filed. (See *Nix v. Whiteside* (1986) 475 U.S. 157, 175-176 [refusal to present perjured testimony is not ineffective assistance, even if outcome would have been different].)

9

Admittedly, being truthful would make the outcome of the petition a foregone conclusion. For all we know, however, perhaps defense counsel advised defendant that the petition should not be granted, but defendant insisted that he file it anyway. The worst we can say is that it arguably falls below professional norms to file a meritless pleading. However, defendant cannot show that that particular lapse prejudiced him.

Finally, we have taken judicial notice of documents showing that defendant does, in fact, have a conviction for forcible rape. While much of the trial court's case file relating to defendant's 1997 conviction has been destroyed, he appealed from that conviction, and *our* case file in that appeal has *not* been destroyed. The People asked us to take judicial notice of certain documents that are part of the record in that appeal. They include documents from the file relating to defendant's 1978 convictions, which were used to prove his strike priors. Defendant did not oppose the request; accordingly, we granted it.

These documents show that, in 1978, defendant was charged with rape in violation of Penal Code former section 261, subdivision 3, specifically "in that . . . he had an act of sexual intercourse with [a named woman], . . . whose resistance was prevented by *threats of great and immediate bodily harm, accompanied by apparent power of execution.*" (Italics added.) A jury then found him guilty of rape, "as alleged . . . ."

As we have already held, the fact that defendant may have had a prior conviction for forcible rape means we cannot say that defense counsel rendered ineffective assistance. In light of the documents of which we have taken judicial notice, however,

10

we can go further — we can say that defendant *did* have a prior conviction for forcible rape, and therefore defense counsel definitely did *not* render ineffective assistance.

III

RECREATED MINUTE ORDERS

Defendant contends that the trial court clerk improperly "recreated" certain minute orders, which therefore cannot serve as evidence supporting the denial of his petition.

A.      *Additional Factual and Procedural Background*.

For each of four specific dates — November 5, 1997, November 6, 1997, December 12, 1997, and November 30, 1998 — the record contains two separate minute orders.  One is a partially pre-printed, partially handwritten original version.  The other is a computer-printed version bearing the notation, "Case recreated . . . for sentencing purposes."  (Capitalization altered.)

The recreated minute orders contain essentially the same information as the original minute orders, albeit with some typos and omissions.  In sum, then, it appears that the court clerk took the information from the original minute orders, entered it into the court's current computer system, then printed it out.

B.      *Discussion*.

Defendant argues, "Nothing allows a Superior Court clerk to 'update' or 'recreate' minutes of prior proceedings."

We need not decide this issue.  The original minute orders are in the record.  It is not entirely clear why the clerk prepared the recreated minute orders, but it was not to

11

replace missing originals; it appears that the clerk had and worked off of the originals. The recreated minute orders do not contain any information (other than typos and similarly obvious mistakes) that is not already in the original minute orders. Defendant even concedes that the recreated minute orders are not "particularly unfavorable to appellant . . . ."

In light of the original minute orders, the recreated minute orders simply are not material to this appeal. Accordingly, as noted in part I, *ante*, we have disregarded them. This is sufficient to avert any possible prejudice to defendant.

IV

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

McKINSTER _____
J.

MILLER _____
J.

12