[Crim. No. 1160. First Appellate District, Division One.—October 10, 1923.]

In the Matter of the Application of HUGH H. NEWELL for a Writ of Habeas Corpus.

[1] HABEAS CORPUS — VERIFICATION — NONCOMPLIANCE WITH SECTION 1474, PENAL CODE—EFFECT OF.—An application for a writ of *habeas corpus* which fails to conform to the requirements of section 1474 of the Penal Code, in that it is not verified by the oath or affirmation of the party making it, will be denied.

APPLICATION for a Writ of Habeas Corpus to secure release of petitioner from custody on ground of once in jeopardy. Application denied.

The facts are stated in the opinion of the court.

Hugh H. Newell, *in pro. per.*, for Petitioner.

ST. SURE, J.—Petitioner was charged with violating section 476a of the Penal Code. It is claimed that there were two informations filed, identical in form and substance; that petitioner was acquitted upon the first; that the court exceeded its jurisdiction in proceeding to trial upon the second, which trial resulted in conviction, and that, therefore, the proceedings were void and petitioner should be discharged.

[1] The application should be denied for the reason that the petition fails to conform to the requirements of section 1474 of the Penal Code in that it is not verified by the oath or affirmation of the party making it. Furthermore, this same question has heretofore been presented to and disposed of upon an application made to the supreme court (*Ex parte Newell,* 188 Cal. 508 [206 Pac. 61]). Petitioner herein there raised the question of jurisdiction, and the supreme court held that the validity of the new or second information filed could not be attacked on *habeas corpus,* and further held that if errors had been committed by the lower court the same were reviewable only on appeal. This same subject matter is now under consideration by the supreme court in the pending appeal of *People* v. *Newell,*

192 Cal. 659 [221 Pac. 622] (Crim. No. 2573), on hearing from this court, division two. The application for a writ is denied.

Tyler, P. J., concurred.