[No. B189525. Second Dist., Div. Six. Feb. 26, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES ALEX ROBLES, Defendant and Appellant.

**Counsel**

Kenneth I. Clayman, Public Defender, and Michael C. McMahon, Chief Deputy Public Defender, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Mary Sanchez and Robert F. Katz, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**YEGAN, J.**—Over the objection of counsel, James Alex Robles personally admitted violating probation and requested that sentence be immediately imposed on his conviction for failing to register as a sex offender. (Pen. Code, § 290, subd. (a)(1)(A).)[1] The trial court sentenced him to three years four months in state prison. He appeals, contending that the trial court erred in denying defense counsel's request for an evidentiary hearing on the issue of whether he was in violation of probation. We hold that a defendant has a personal and fundamental right to admit a probation violation even if his attorney disagrees with the decision to do so.

### Procedural and Factual History

In 2004, appellant plead guilty to failing to register as a sex offender and admitted two prior prison term enhancements (§ 667.5, subd. (b)). The trial court treated appellant leniently. It suspended imposition of sentence and granted probation on condition that he serve 210 days in county jail.

Appellant admitted violating probation on May 11, 2005. The probation report recommended state prison. The trial court again treated appellant leniently, revoked and then reinstated probation on condition that he serve 60 days in county jail.

On January 11, 2006, appellant appeared on a new probation violation for not reporting to his probation officer and not submitting to drug testing on six occasions. Defense counsel requested that the matter be set for a probation violation hearing. Appellant interjected, "No, I'm going to go ahead and get sentenced. I want to. I will just go ahead. And I have a drug problem, . . . and I want to go ahead if it's all right. I admit to my violations."

Counsel requested that the matter be set for a probation violation hearing and asked her client, appellant, if that was what he wanted to do. Realizing there was a problem, the trial court engaged in an unreported discussion with counsel at the bench. The trial court then heard other matters while appellant

---

[1] All statutory references are to the Penal Code.

and his attorney conferred. When counsel again asked that the matter be set for hearing, appellant again interjected: "I don't want to continue this. I admit my violations. I tested dirty—positive for methamphetamines [*sic*]. I have a drug problem. I admit my violations. . . . I don't want to go to prison."

The trial court warned appellant that he would receive a prison sentence if he admitted the probation violation. Appellant replied, "If I go to a hearing, the same thing, I'm guilty of it."

The trial court asked, "What do you want to do, Mr. Robles, have a hearing or admit the violation?"

Appellant replied, "Admit my violations." The trial court then told defense counsel: "He has a right to counsel but he doesn't have to follow your advice."

Over counsel's objection, appellant was advised of and waived his rights. (*People v. Arreola* (1994) 7 Cal.4th 1144, 1152–1153 [31 Cal.Rptr.2d 631, 875 P.2d 736]), acknowledged that he could receive up to five years in state prison, and admitted the probation violation. As indicated, the trial court sentenced appellant to serve three years four months in state prison. Appellant's request to withdraw his admission the next day was denied.

### *Captain of the Ship*

■ Appellant asserts that the trial court erred in permitting him to admit the probation violation over counsel's objection. The argument is based on the theory that trial counsel has the exclusive right to control the proceedings and make decisions affecting trial tactics and court proceedings. (*People v. Masterson* (1994) 8 Cal.4th 965, 969 [35 Cal.Rptr.2d 679, 884 P.2d 136]; *People v. Whittington* (1977) 74 Cal.App.3d 806, 820 [141 Cal.Rptr. 742].) "In the criminal context . . . counsel is captain of the ship." (*In re Horton* (1991) 54 Cal.3d 82, 95 [284 Cal.Rptr. 305, 813 P.2d 1335].) Upon accepting appointed counsel, the defendant "surrenders all but a handful of 'fundamental' personal rights to *counsel's* complete control of defense strategies and tactics. [Citations.]" (*People v. Hamilton* (1989) 48 Cal.3d 1142, 1163 [259 Cal.Rptr. 701, 774 P.2d 730].)

A defendant, however, retains the personal and fundamental right to decide certain matters, e.g., whether to plead guilty, whether to testify, and whether to waive jury trial. (*In re Horton, supra*, 54 Cal.3d at p. 95; *People v. Robles* (1970) 2 Cal.3d 205, 215 [85 Cal.Rptr. 166, 466 P.2d 710]; Cal. Criminal Law: Procedure and Practice (Cont.Ed.Bar 2006) Right to Counsel: The Attorney-Client Relationship, § 3.23, pp. 73–74.) A defendant in a criminal proceeding may enter a plea of guilty to a substantive charge, even against the advice of counsel. (*People v. Teron* (1979) 23 Cal.3d 103, 115 [151 Cal.Rptr. 633, 588 P.2d 773].) The only statutory exception is section 1018, which provides that a trial court cannot accept a guilty plea to a capital charge without the consent of defendant's counsel. (*People v. Chadd* (1981) 28 Cal.3d 739, 754–755 [170 Cal.Rptr. 798, 621 P.2d 837].) But a probation violation is not a capital case.

■  At oral argument, defense counsel conceded that the decision to admit a probation violation is tantamount to the decision to plead guilty to a substantive charge. We hold that a defendant has a personal and fundamental right to admit a probation violation even if his or her attorney disagrees with the decision to do so. While defense counsel may be the "captain of the ship" with respect to the general control of the case, a defendant may take a mutinous posture with respect to the exercise of personal fundamental rights. In those instances the defendant may "jump ship."

*Assistance of Counsel*

Appellant argues that he was denied the right to counsel because the trial court denied counsel's request for an evidentiary hearing, thus interfering with the attorney-client relationship. We disagree. The trial court twice asked whether appellant wanted to be represented by defense counsel. Appellant said that he did not want to represent himself and that counsel was "right here" representing him. The trial court allowed appellant to consult with counsel. Appellant was adamant and stated that he wanted to admit the probation violation and proceed with sentencing.

Counsel acknowledged that "he is not following my advice at this point." The trial court said that appellant "has a right to counsel but he doesn't have to follow your advice." Counsel responded, "I also explained that to Mr. Robles."

■ We reject the argument that the trial court was required to conduct a *Faretta* hearing (*Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]) or advise appellant of the perils of self-representation. (Cf. *People v. Hall* (1990) 218 Cal.App.3d 1102, 1105 [267 Cal.Rptr. 494] [*Faretta* waiver at deferred sentencing hearing].) Appellant was represented by competent counsel and, contrary to counsel's advice, decided to admit the probation violation and be sentenced. "[N]ot every conflict or disagreement between the defendant and counsel implicates Sixth Amendment rights. [Citation.]" (*Schell v. Witek* (9th Cir. 2000) 218 F.3d 1017, 1027.)

Based on the authorities here cited, the trial court's statement that appellant could admit the violation of probation against the advice of counsel was correct. A trial court should not be faulted for correctly informing appellant of his personal and fundamental rights. Counsel did not object to the court's statement or assign judicial misconduct. This constitutes a waiver of the "unlawful interference" claim. (E.g., *People v. Wrigley* (1988) 69 Cal.2d 149, 164 [70 Cal.Rptr. 116, 443 P.2d 580].)

*Harmless Error*

Even if we were to assume that the trial court erred in denying counsel's request for an evidentiary hearing, the alleged error was harmless. It was undisputed that appellant failed to report to probation and submit to drug testing on six separate occasions. Appellant told his probation officer that he was using methamphetamine in November and December 2006, and that he ingested methamphetamine on January 6, 2007.

Appellant appeared in custody with counsel, admitted the probation violation, and admitted that he had tested positive for drugs. The probation report recommended state prison because appellant was on parole, had a record of serious violence and drug abuse, had declined drug treatment, and was a threat to public safety.[2]

---

[2] The record indicates that appellant, while incarcerated in the Ventura County jail, was already in custody on another matter with the Department of Corrections, possibly for violating parole. Appellant stated that he wanted to be sentenced immediately. When counsel requested that sentencing be continued a month, appellant stated, "Please don't do this. Not another month." This is understandable. Many defendants in appellant's position do not want to prolong their stays in county jail and prefer to be on their way to state prison once they realize that that is where they are going.

Before admitting the probation violation, appellant acknowledged that he would receive a prison sentence and was advised that he "could go to prison up to five years." Again, the trial court treated appellant with some leniency, only imposing a sentence of three years four months state prison. Appellant makes no showing that he would have obtained a more favorable result had the trial court granted counsel's request for an evidentiary hearing.

The judgment (order revoking probation and imposing state prison sentence) is affirmed.

Gilbert, P. J., and Coffee, J., concurred.