[No. B212253. Second Dist., Div. Six. Nov. 5, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
BART ALAN LYONS, Defendant and Appellant.

**1358**

COUNSEL

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Scott A. Taryle and E. Carlos Dominguez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**YEGAN, Acting P. J.**—"If the appeal is irregular in any substantial particular, but not otherwise, the appellate court may order it to be dismissed." (Pen. Code, § 1248.) As we shall explain, this purported appeal is beyond "irregular." We have no jurisdiction to entertain it because the notice of appeal was not timely filed. (See *People v. Mendez* (1999) 19 Cal.4th 1084, 1094–1095 [81 Cal.Rptr.2d 301, 969 P.2d 146].)

Bart Alan Lyons purports to appeal from the judgment entered following his negotiated guilty plea to possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and displaying false evidence of vehicle registration (Veh. Code, § 4462.5). He admitted one prior prison term. (Pen. Code, § 667.5, subd. (b).) The trial court struck the prior prison term and sentenced him to prison for two years. It did not grant credit for time served because appellant was in custody on a parole hold. (*People v. Bruner* (1995) 9 Cal.4th 1178, 1182–1183 [40 Cal.Rptr.2d 534, 892 P.2d 1277].)

The issues arise from appellant's presentence request to withdraw from the negotiated disposition. At the time of his request, appellant was represented by the public defender. Appellant contends (1) the trial court erroneously appointed a second attorney to represent him on the plea withdrawal request; (2) in evaluating the request, the trial court should have followed the procedure set forth in *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]; (3) he was denied his right to present a motion to withdraw his plea and obtain a ruling on it and his right to representation of counsel on it; and (4) he was denied his right to counsel at sentencing because he was represented by the second attorney instead of the public

defender. We do not reach the merits of these contentions. We conclusionally observe, however, that crediting these contentions would call for new rules of criminal procedure.[1]

### Postplea Proceedings

On the date set for sentencing, a deputy public defender informed the court that appellant wanted to withdraw from the negotiated disposition which "capped" the sentence at two years. The deputy public defender did not state the grounds for the withdrawal. He requested that Conflict Defense Associates (CDA) be appointed for the limited investigation of whether appellant should withdraw his plea. The court appointed "CDA for that limited purpose of pursuing that motion [to withdraw appellant's plea]."

On August 13, 2008, CDA counsel appeared in court and declared: "We were actually appointed to look into the possibility of a motion to withdraw plea. After investigation and discussion with other attorneys, we don't—there are no grounds at this time. We are prepared to go forward with the sentencing." Appellant did not object to any aspect of these procedures and the court imposed the two-year prison sentence without the court awarding credit for time served. The court then stated to appellant: "Mr. Lyons, this is an appealable order. If you wish to appeal file your notice in this court within 60 days." The 60-day time limit is imposed by California Rules of Court, rule 8.308(a).[2]

The last day for filing the notice of appeal was October 12, 2008. The notice of appeal was executed on October 28, 2008, and was received and filed by the superior court clerk on November 3, 2008. On the reverse side of the notice of appeal, appellant requested a certificate of probable cause.

The notice of appeal was accompanied by appellant's unverified, one-page motion to allow the late filing. A copy of the motion is attached to this opinion as appendix A. In the motion appellant alleged that he was incarcerated without counsel to assist him and that the law library did not have a notice of appeal form. In his request for a certificate of probable cause, appellant's sole complaint was that he was unlawfully denied 121 days of

---

[1] We also do not fault appointed appellate counsel who is zealously representing his client. Counsel may be aware of facts and circumstances, outside of the record, that give flight to his imagination. However, generally speaking, counsel is the " 'captain of the ship' " (*People v. Robles* (2007) 147 Cal.App.4th 1286, 1289 [54 Cal.Rptr.3d 916]) who alone decides what contentions are arguably meritorious. (See *In re Smith* (1970) 3 Cal.3d 192, 197 [90 Cal.Rptr. 1, 474 P.2d 969].) Counsel is not required to do a "full court press" in an unmeritorious appeal.

[2] All references to rules are to the California Rules of Court.

credit for time served. The trial court did not rule on appellant's motion to allow the late filing, but it expressly granted his request for a certificate of probable cause.[3]

### *The Appeal Must Be Dismissed Because the Notice of Appeal Was Not Timely Filed*

■ Pursuant to our letter request of June 15, 2009, the parties submitted supplemental letter briefs on whether the appeal must be dismissed because the notice of appeal was not timely filed. It is undisputed that the notice of appeal was not actually filed within the 60-day period. Pursuant to rule 8.308(d), the superior court clerk did not have the authority to file the late notice of appeal: "The superior court clerk *must* mark a late notice of appeal 'Received [date] but not filed,' notify the party that the notice was not filed because it was late, and send a copy of the marked notice of appeal to the district appellate project." (*Ibid.*, italics added.) In this situation the superior court should not entertain the granting of a certificate of probable cause appended to a late notice of appeal. Absent a showing of "constructive filing," even an appellate court cannot lengthen the 60-day rule for filing a notice of appeal. Processing this purported appeal does little to promote judicial or fiscal economy. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 75–76 [51 Cal.Rptr.2d 851, 913 P.2d 1061].)

Appellant contends that rule 8.308(d) is inapplicable because, by expressly granting appellant's request for a certificate of probable cause, the trial court impliedly granted his motion to file the late notice of appeal. It has no power to do so. The reported cases after 1972 (when the 10-day rule for filing a notice of appeal was lengthened to 60 days) are all instances where appellate courts have granted relief. There are no reported cases, statutes or rules which allow the trial court to grant relief from an untimely notice of appeal. The rules prior to 1972 provided that the trial court had discretion to grant relief for failure to comply with the 10-day rule. (E.g., *In re Byrnes* (1945) 26 Cal.2d 824, 828 [161 P.2d 376].) They have been superseded.

---

[3] We are not surprised that both of appellant's attorneys did not want him to attempt to withdraw from the negotiated disposition. Given his record and the "airtight" case unerringly pointing to guilt, this was an extremely lenient sentence. For two reasons we similarly are not surprised that they did not assist him in filing a notice of appeal. First, as far as we know, he never asked for assistance and no arguably meritorious grounds existed for reversal or modification of the judgment. (Pen. Code, § 1240.1, subd. (b).) Second an appeal would not have been in his best interests because of the leniency of the sentence and because, as a matter of law, he was not entitled to the credit for time served that he sought in his certificate of probable cause. An attorney is not required to file an unmeritorious motion (see generally *People v. Eckstrom* (1974) 43 Cal.App.3d 996 [118 Cal.Rptr. 391]) and an attorney is not required to file a notice of appeal in an unmeritorious case.

## Constructive Filing

■ Because the notice of appeal was not actually filed within the 60-day period, an appeal is barred unless the notice of appeal is deemed to have been constructively filed in a timely manner. "Unless the notice [of appeal] is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal." (*In re Jordan* (1992) 4 Cal.4th 116, 121 [13 Cal.Rptr.2d 878, 840 P.2d 983]; see also *People v. Mendez, supra*, 19 Cal.4th at pp. 1094–1095.)

Our Supreme Court originally enunciated the doctrine of constructive filing in *People v. Slobodion* (1947) 30 Cal.2d 362, 366–367 [181 P.2d 868], where it "held that because the defendant delivered a notice of appeal to state prison employees for mailing six days prior to expiration of the period prescribed for filing an appeal, he had constructively filed the notice within the applicable period, notwithstanding the negligent delay of the prison employees in mailing the notice only after the specified time had expired." (*In re Chavez* (2003) 30 Cal.4th 643, 657 [134 Cal.Rptr.2d 54, 68 P.3d 347].)

■ Until the Supreme Court's decision in *In re Benoit* (1973) 10 Cal.3d 72 [109 Cal.Rptr. 785, 514 P.2d 97], the doctrine of constructive filing applied "(1) only to incarcerated appellants and (2) in special circumstances where the delay in filing the notice of appeal (a) [had] resulted from conduct or representations of prison officials upon which the prisoner relied and (b) [had] not been due substantially to fault on the part of the prisoner." (*Id.*, at p. 86.) The cases applying the doctrine assumed "that the prisoner in the main [had] acted diligently—that he did all he could to take the appeal but was thwarted by the acts of prison officials or that he was lulled into a false sense of security by their conduct or representations." (*Ibid.*)

In *Benoit* the Supreme Court "extended the principle of constructive filing . . . 'to situations wherein an incarcerated criminal appellant has made arrangements with his attorney for the filing of a timely appeal and has displayed diligent but futile efforts in seeking to insure that the attorney has carried out his responsibility.'" (*In re Chavez, supra*, 30 Cal.4th at p. 657.) "[A]s in the *Slobodion* situation involving reliance on prison officials, [the *Benoit* court] held that such efforts, if undertaken in a timely manner, were *in themselves* tantamount to actual filing of a timely appeal." (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 669 [125 Cal.Rptr. 757, 542 P.2d 1349].)

The *Benoit* extension of the constructive filing doctrine does not apply here. Appellant has not shown any arrangement with his trial counsel to file a

notice of appeal. Thus, to invoke the doctrine, it was incumbent upon appellant to show "that he did all he could to take the appeal but was thwarted by the acts of prison officials or that he was lulled into a false sense of security by their conduct or representations." (*In re Benoit, supra,* 10 Cal.3d at p. 86.)

■ Appellant did not make the required evidentiary showing. The proper vehicle for relief was a petition for a writ of habeas corpus. (See *In re Gonsalves* (1957) 48 Cal.2d 638, 639 [311 P.2d 483] ["habeas corpus is an appropriate proceeding to enable petitioner to obtain a declaration" to the effect "that he instituted an appeal by the timely constructive filing of a notice of appeal"]; *id.,* at p. 642.) ■ As a matter of law, appellant's motion for late filing of the notice of appeal was insufficient because it failed to conform to the requirement that a petition for a writ of habeas corpus must be verified. (Pen. Code, § 1474; *In re Newell* (1923) 64 Cal.App. 103 [220 P. 425] ["The application [for a writ of habeas corpus] should be denied for the reason that the petition fails to conform to the requirements of section 1474 of the Penal Code in that it is not verified by the oath or affirmation of the party making it."].)[4]

Moreover, even assuming the nonverified facts to be true, they would not compel a determination of constructive filing. Appellant has made no showing of any efforts to obtain the notice of appeal form and file it before the expiration of the 60-day period. Even if, as appellant alleges, the prison law library was "no longer providing inmates legal forms," this fact alone did not entitle him to the benefit of the constructive filing doctrine. He was entitled to relief only upon a showing that he had " 'diligently sought to file a timely notice [himself] but [had] been frustrated due to some default on the part of public officials charged with the administration of justice . . . .' [Citations.]" (*People v. Acosta* (1969) 71 Cal.2d 683, 687 [78 Cal.Rptr. 864, 456 P.2d 136], second bracketed insertion added.)

Appellant executed the notice of appeal on October 28, 2008. Thus, despite the alleged lack of cooperation by the law library, he was able to obtain the notice of appeal from another source. He has not explained how he obtained the form notice of appeal or what prevented him from filing it prior to the October 12, 2008 deadline.

---

[4] On petition for rehearing, appellant argues that the general habeas corpus power of the superior court is broad enough to include the granting of "*Benoit*" relief. (*In re Benoit, supra,* 10 Cal.3d 72.) Our opinion only limits the habeas corpus power in the sui generis "*Benoit*" context and in no other. There is a good reason for this rule. The superior court should have no power to lengthen the jurisdictional time limit for an appeal to a different and higher court. If appellant is correct, rule 8.308(d) (see, *ante,* at p. 1360) is no longer viable. Upon a proper showing in the Court of Appeal, "*Benoit*" relief is granted and there is no good reason to change this rule which has worked well since 1972.

*Request at Oral Argument*

In light of the court's questions at our October 2009 calendar, appellant orally asked that we allow him the opportunity to make a *"Benoit"* showing in this court. Counsel argued that he did not do so earlier because he relied on what he believed was the trial court's granting of *"Benoit"* relief. Counsel was placed on reasonable notice that we were considering dismissal months ago when we requested supplemental briefing on the jurisdictional issue. He also candidly admitted knowing that since 1972, only the appellate court can grant *"Benoit"* relief.

■ In exercising discretionary power to vacate submission and allow counsel the opportunity to make a *"Benoit"* showing, an appellate court can and should consider the entire record including the issues tendered on appeal. (See *ante,* at p. 1359.) Before the Court of Appeal starts appellant on a journey, it should consider the likelihood that the contemplated journey can be successfully completed.

As we have said in the civil law context, "[s]omewhere along the line, litigation must cease." (*In re Marriage of Crook* (1992) 2 Cal.App.4th 1606, 1613 [3 Cal.Rptr.2d 905].) This observation also has application in criminal law. A plea of guilty and sentence should signal an end to litigation, not a springboard for more litigation.

Were we to come to appellant's aid at this late hour, we would be doing little to foster the concept of finality of judgment. We would be encouraging a further expenditure of time and scarce resources chasing the ever elusive ideal of "perfect justice." (See Fleming, The Price of Perfect Justice (1974).) " 'A guilty plea amounts to an admission of every element of the crime and is the equivalent of a conviction.' [Citation.]" (*People v. Jones* (1995) 10 Cal.4th 1102, 1109 [43 Cal.Rptr.2d 464, 898 P.2d 910].) When a trial court grants a motion to withdraw a guilty plea, it is a vacation of the conviction. This should not be common. It should be unusual. Before a trial court grants such a motion, it must consider the fact that there are both a comprehensive written plea of guilty and waiver of constitutional rights in addition to a plea colloquy between the defendant and the trial court. These documents and proceedings should not be "cheapened" by a simple change of mind by the defendant, i.e., "buyer's remorse." (*People v. Coulter* (2008) 163 Cal.App.4th 1117, 1122–1123 [78 Cal.Rptr.3d 210].)

■ Here appellant would have to make a factual *"Benoit"* showing. This is unlikely. (See *ante,* at p. 1362.) Even if he could clear this hurdle, he would have to convince us that his contention or contentions on appeal are meritorious. This is unlikely. Then he would have to convince us that there

has been a miscarriage of justice. This is unlikely. Then he would have to convince the trial court to grant his motion to withdraw from the negotiated disposition. This is unlikely. The oral request to vacate submission/postpone the filing of this opinion, and allow the filing of a *"Benoit"* petition in this court, is denied. There is just no likelihood that the contemplated journey can be successfully completed.

*Disposition*

The appeal is dismissed.

Coffee, J., and Perren, J., concurred.

A petition for a rehearing was denied March 25, 2010, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied February 3, 2010, S178587. George, C. J., did not participate therein.

# APPENDIX

RECEIVED
VENTUF 'UPERIOR COURT
NOV 03 2008

36

IN THE SUPERIOR COURT OF CALIFORNIA, IN FOR THE COUNTY OF VENTURA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA | CASE # 2008015626 |
| vs. | MOTION TO FILE APPEAL, AFTER EXCEEDING TIME LIMITS TO A MINIMAL EXTENT OF |
| BART ALAN LYONS dlolb: 06-18-1920 | THE NOTICE OF APPEAL PER. CODE! 1237 (a)! |

TO THE HONORABLE SUPERIOR COURT, AND THE AGENTS OF THE DISTRICT ATTORNEY IN FOR THE COUNTY OF VENTURA, IN CASE # 2008015626

APPELLANT: BART ALAN LYON, IN THIS ENTITLED MATTER, AM ASKING THIS COURT'S INDULGENCE IN FILLING THIS NOTICE OF APPEAL:

DUE TO HIS CURRENT INCARCERATION, THE VCA-LAW LIBRARY, IS NO LONGER PROVIDING INMATES LEGAL FORMS, ALSO ASSISTANCE IS LIMITED TO NONE, FOR THESE MATTERS. THIS APPEAL IS IN EXTENT OF THE REQUIRED 60-DAYS: PER: CA-RULES OF COURT:

HE HAS PREPARED THESE PAPERS IN PROPER FORM, IN THE BEST OF HIS KNOWLEDGE CONSIDERING HE IS A LAY-MAN-AT-LAW "FURTHER"

HE HAS NO ATTORNEY TO PREPARE SUCH DOCUMENTS, OR TO APPEAR IN THIS COURT FOR HIM.

HE COMES NOW HARD-PRESSED, FOR THE ABOVE SAID REASONS. THIS COURT FIND GOOD CAUSE, IN ALL CONSIDERATION.

DATE 10-28-08

RESPECTFULLY
Bart Lyon

APPENDIX A