Filed 12/28/23  P. v. Adanandus CA1/4
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND ADANANDUS,<br><br>        Defendant and Appellant. | A167402<br><br>(Alameda County Super. Ct. No. 20CR000362A) |

Raymond Adanandus appeals from the court's imposition of a $300 restitution fine as part of his sentence after pleading no contest to robbery with a firearm use enhancement.  (Pen. Code, §§ 211, 12022.5.)  Adanandus' notice of appeal was not timely filed, so we must dismiss this appeal.

" 'Unless the notice [of appeal] is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal.' " (*People v. Lyons* (2009) 178 Cal.App.4th 1355, 1361.)  California Rules of Court[1], rule

---

[1] Undesignated citations to rules are to the California Rules of Court.

1

8.308(a) states that generally "a notice of appeal . . . must be filed within 60 days after the rendition of the judgment or the making of the order being appealed" and "no court may extend the time to file a notice of appeal."

By operation of these rules, Adanandus had 60 days after the judgment to file his notice of appeal. The court rendered judgment when it pronounced Adanandus' sentence on October 17, 2022. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.) The deadline to file the notice of appeal therefore expired on December 16, 2022.

Adanandus' notice of appeal establishes that he prepared it on January 7, 2023, and the envelope was postmarked January 10, 2023. The trial court received it on January 12, 2023. Barring application of some exception, the appeal is untimely and dismissal is mandatory. (Rule 8.308(a); *People v. Lyons, supra,* 178 Cal.App.4th at p. 1361.)

Adanandus recognizes that his appeal is not timely. In his opening brief, he seeks leave to file a motion for constructive filing of his notice of appeal if we find his appeal untimely. *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, which Adanandus cites, recognized two scenarios in which an incarcerated defendant's notice of appeal will be deemed constructively filed within the deadline. The first, the prison-delivery rule, treats an incarcerated litigant's notice of appeal as timely if the litigant delivered it to prison officials for mailing before the deadline. (*Id.* at pp. 114–115.) In the second, a notice of appeal will be deemed constructively filed before the deadline

if "an incarcerated defendant made arrangements with counsel to file a notice of appeal and diligently attempted to ensure that his or her appeal was filed in a timely manner." (*Id.* at p. 116.)

The record before us does not demonstrate any basis to apply these doctrines. Adanandus prepared his notice of appeal on January 7, 2023, weeks after the deadline had expired. The prison-delivery rule thus cannot save his appeal. As for the diligent defendant rule, he nowhere explains whether he asked his trial counsel to prepare a notice of appeal or what diligent efforts he made to ensure his counsel timely filed the notice.

We will not grant leave to Adanandus to file a motion for constructive filing. His request for leave demonstrates that he recognized that his notice of appeal was untimely. He also cited *People v. Zarazua* (2009) 179 Cal.App.4th 1054, 1058, which held that a defendant may raise the constructive filing issue by motion, not just via a petition for writ of habeas corpus. Adanandus therefore knew he could file a motion for constructive filing, and he should have done so before or concurrently with his opening brief. He cites no authority entitling him to pursue the issue piecemeal as he proposes, after obtaining a provisional ruling from this court that the appeal is untimely. Moreover, after the Attorney General argued in his brief that the appeal was untimely, Adanandus did not file a reply brief. While reply briefs are optional (rule 8.360(c)(3)), we construe his failure to respond to the Attorney General's argument and continued failure to move for constructive filing as a concession that he cannot make the required showing.

This appeal is dismissed.

                                    BROWN, P. J.


WE CONCUR:

STREETER, J.
HIRAMOTO, J.*


*People v. Adanandus*  (A167402)

---