Filed 7/26/24  P. v. Siguenza CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B328196 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA289665) |
| v. | |
| MARLON EDGARDO SIGUENZA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

# MEMORANDUM OPINION[1]

## A. Procedural Background

We summarize only those aspects of the procedural history that are pertinent to our disposition of this appeal.

In 2006, a jury convicted defendant Marlon Edgardo Siguenza of second degree murder and found that Siguenza personally and intentionally discharged a firearm causing death for the purpose of Penal Code[2] section 12022.53, subdivision (d). In January 2007, the trial court sentenced Siguenza to an aggregate state prison term of 40 years to life, which consists of a term of 15 years to life for the second degree murder conviction and a term of 25 years to life for the firearm enhancement under section 12022.53, subdivision (d). The court also imposed certain financial obligations on Siguenza, including a $10,000 restitution fine. In June 2008, we affirmed the judgment in an unpublished opinion. (*People v. Siguenza* (June 25, 2008, B197757) [nonpub. opn.] [2008 WL 2514359, at p. *1].)[3]

On June 3, 2022, Siguenza, in pro per, filed a petition for resentencing pursuant to section 1170.95.[4] The trial court appointed counsel for Siguenza a week later.

---

[1] We resolve this case by memorandum opinion because it "raise[s] no substantial issues of law or fact . . . ." (Cal. Stds. Jud. Admin., § 8.1.)

[2] Undesignated statutory citations are to the Penal Code.

[3] We, sua sponte, take judicial notice of our prior opinion. (Evid. Code, §§ 452, subd. (d), 459.)

[4] On June 30, 2022, section 1170.95 was renumbered, without substantive change, as section 1172.6. (See Stats. 2022, ch. 58, §§ 10, 47 [Assembly Bill No. 200, which renumbered

On August 9, 2022, Siguenza filed a motion in pro per, wherein he sought a "stay & reduction of restitution fines," the "dismissal of [the] gun enhancement," and a resentencing hearing at which the trial court would take into "consideration of [Siguenza's] childhood trauma caused by war in El Salvador" and "the racial impact caused by [the] current sentence which exceeds 20 years." (Capitalization omitted.)

The People opposed Siguenza's section 1172.6 petition, and Siguenza's appointed counsel filed a response to the People's opposition.

On December 16, 2022, the trial court held a hearing at which the People, Siguenza, and Siguenza's appointed counsel appeared. The court denied the motion Siguenza had filed on August 9, 2022. Additionally, upon hearing argument from Siguenza's appointed counsel, the court decided to deny the section 1172.6 petition in a written ruling that was filed later that day. In that ruling, the court found Siguenza failed to make a prima facie case of eligibility for relief under section 1172.6.

On January 9, 2023, Siguenza's appointed counsel filed a notice of appeal seeking review of the order denying his client's section 1172.6 petition.

On July 18, 2023, we appointed counsel for Siguenza. On April 29, 2024, Siguenza's appellate counsel filed a brief in which the attorney identified no issues for us to review. Also on that

---

§ 1170.95 as § 1172.6, and provided that the statute took effect immediately on June 30, 2022]; *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3 (*Delgadillo*) [noting that Assembly Bill No. 200 renumbered former § 1170.95 to § 1172.6 without any substantive change].) Accordingly, all subsequent references are to section 1172.6.

date, we directed Siguenza's appellate counsel to send the appellate record and a copy of counsel's brief to Siguenza, and we informed Siguenza that he may submit supplemental briefing. Siguenza filed a supplemental brief on June 28, 2024.

## B.    Discussion

Generally, when, as here, a defendant appeals from the denial of postconviction relief and appointed appellate counsel files a brief raising no issues, we do not review the record independently to determine whether there are any arguable issues on appeal.[5]  (See *Delgadillo*, *supra*, 14 Cal.5th at pp. 224–226.)  Rather, we "evaluate the specific arguments presented in" the defendant's supplemental brief.  (See *id.* at p. 232.)

In his supplemental brief, Siguenza asks us to reverse the trial court's orders denying his section 1172.6 petition and Siguenza's August 9, 2022 motion in which he sought modifications to his restitution obligations and his prison sentence.  We affirm the order denying Siguenza's section 1172.6 petition because he has not shown the trial court erred in concluding he failed to make a prima facie showing of entitlement to relief under that statute.  We also conclude that we lack jurisdiction to review the order denying Siguenza's August 9, 2022 motion.

---

[5] Siguenza's appellate counsel asks us to exercise our discretion to independently review the record.  We decline to do so.  (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232 [holding that the decision to independently review the record is a matter "wholly within the [Court of Appeal's] discretion"].)

> 1. *Siguenza fails to demonstrate the trial court erred in denying his section 1172.6 petition*

In its written ruling denying Siguenza's petition for resentencing under section 1172.6, the trial court found Siguenza "failed to make a *prima facie* case" for relief because the court file showed he was not convicted pursuant to any "theory under which malice is imputed to a person based solely on that person's participation in a crime." The court reasoned that the information and the jury instructions show "the jury determined [Siguenza] actually killed the victim." The court further remarked that the transcript from Siguenza's sentencing hearing showed that defense counsel implied Siguenza had "admitted to shooting the victim when he testified at the trial."[6] The court also observed that at the hearing on the petition, Siguenza's appointed counsel admitted "there was no evidence in the record" demonstrating that " 'a complaint, information or indictment was filed against [Siguenza] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.' "

In challenging the denial of his section 1172.6 petition, Siguenza complains that a jury instruction on murder described the element of causation using the terms "natural consequence," "direct, natural, and probable consequence," and "natural and probable consequence . . . ." (Boldface omitted.) Similarly, Siguenza asserts that another instruction employed the phrases

---

[6] The trial court explained that although the court minutes show Siguenza had testified at trial, "[t]he court did NOT have access to the trial transcripts and did NOT read [Siguenza's] testimony."

5

"direct, natural, and probable consequence" and "natural and probable consequence" to describe the causation required as to the firearm enhancement.  (Boldface omitted.)  Siguenza seems to contend this language from the jury instructions "lighten[ed] and shift[ed] the [prosecution's] burden of proving malice beyond a reasonable doubt . . . ."

These arguments have no bearing on whether the trial court erred in denying Siguenza's section 1172.6 petition.  A defendant found guilty of murder may obtain relief only if he was convicted under a "theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ."  (See § 1172.6, subd. (a).)  Put differently, the statute does not apply to a defendant who "was not convicted on a theory of vicarious liability . . . ."  (See *People v. Cortes* (2022) 75 Cal.App.5th 198, 206.)  Here, Siguenza does not dispute that the jury found he had personally killed the victim.  In short, Siguenza is ineligible for resentencing.

Siguenza further argues the trial court erroneously relied upon our prior opinion affirming the judgment, and that the court's "reference to [the] sentencing transcript statement [constituted] 'fact-finding' which is inappropriate for a prima facie hearing."  We note that the trial court expressly stated in its written ruling that it "did NOT read the Court of Appeal decision affirming [Siguenza's] conviction on second-degree murder."  In any event, Siguenza does not argue that in ruling on his petition, the trial court was barred from relying upon the information, the jury instructions, and Siguenza's counsel's concession at the hearing on the petition that there is no evidence that a complaint, information, or indictment was filed against Siguenza that allowed the prosecution to proceed under a theory of felony

6

murder or murder under the natural and probable consequences doctrine. We thus do not further address Siguenza's argument that the court improperly relied upon our prior decision and the transcript of the sentencing hearing.[7]

### 2. *We lack jurisdiction to review the trial court's denial of the motion Siguenza filed on August 9, 2022*

California Rules of Court, rule 8.308(a) provides in pertinent part: "[A] notice of appeal . . . must be filed within 60 days after . . . the making of the order being appealed." (See Cal. Rules of Court, rule 8.308(a).) " 'Unless the notice [of appeal] is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal . . . .' [Citations.]" (*People v. Lyons* (2009) 178 Cal.App.4th 1355, 1361 (*Lyons*).)

Siguenza asks us to review the trial court's December 16, 2022 order denying the motion he filed in pro per on August 9, 2022. Siguenza claims we have "jurisdiction to review all . . . rulings" issued on December 16, 2022 "based on the Notice of Appeal [his appointed counsel] filed, and [a] Notice of Appeal [Siguenza] *attempted* to file while still in the L.A[.] County Jail . . . ." (Italics added.) We disagree.

---

[7] (See *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2023) 94 Cal.App.5th 764, 776–777 [" ' "A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." [Citation.]' [Citation.] Thus, ' " 'it is the appellant's responsibility to affirmatively demonstrate error[.]' " ' "]; *People v. Camacho* (2022) 14 Cal.5th 77, 123 [" '[I]f the [trial court's] ruling was correct on any ground, we affirm.' "].)

7

The notice of appeal Siguenza claims to have "attempted" to file is attached to his supplemental brief. In this handwritten document, Siguenza purports to "appeal[ the] denial of [his] motion filed [on] 8/9/2022 . . . ." Because Siguenza fails to elaborate further on why he was ultimately unable to file this notice of appeal, we cannot deem it to have been constructively filed within 60 days of issuance of the order denying his motion. (See *Lyons*, *supra*, 178 Cal.App.4th at pp. 1361–1362 [explaining that in order "to invoke the doctrine" of constructive filing, a defendant must show an "arrangement with his trial counsel to file a notice of appeal" or " 'that [the defendant] did all he could to take the appeal but was thwarted by the acts of prison officials or . . . he was lulled into a false sense of security by their conduct or representations' "].)

Next, in the notice of appeal filed by Siguenza's appointed counsel on January 9, 2023, the attorney seeks review of only one trial court order issued on December 16, 2022, to wit, the "denial of [the Penal Code section] 1172.6 petition." (Capitalization omitted.) Thus, the filing of this notice of appeal allows us to review only the order denying the section 1172.6 petition. (See Cal. Rules of Court, rule 8.304(a)(4) ["[T]he notice is sufficient if it identifies the *particular* judgment or order being appealed," italics added].) Furthermore, Siguenza does not argue that we should construe this notice of appeal to encompass the order denying a motion that he filed more than two months *after* filing the section 1172.6 petition.

Accordingly, Siguenza has failed to demonstrate we have jurisdiction to review the trial court's order denying his motion. (See *People v. Sorden* (2021) 65 Cal.App.5th 582, 591 [noting that an appellant bears the "burden of establishing *reversible* error on

8

appeal," italics added]; *Parkford Owners for a Better Community v. County of Placer* (2020) 54 Cal.App.5th 714, 721–722 [indicating that an appellant's "burden of demonstrating reversible error" includes an obligation to show the appellate court has jurisdiction].)

## DISPOSITION

We affirm the trial court's December 16, 2022 order denying defendant Marlon Edgardo Siguenza's petition for resentencing.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

KELLEY, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.